MARGARET J. McKEOUGH *vs.* HARRY E. GIFFORD.

OCTOBER 11, 1909.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Accident and mistake. Trial.*

Where counsel neglected to be present on the proper assignment day of the case in the Superior Court, and failed to ascertain that the case had then been assigned, whereby judgment by default was rendered, the mistake is not one of fact entitling defendant to relief under C. P. A., § 471.

PETITION for relief under C. P. A., § 471, and denied.

PER CURIAM. The defendant in the above entitled case, which was originally brought in a District Court, and therefrom to the Superior Court on claim of jury trial, against whom judgment by default was rendered in the Superior Court, petitions this court for a trial under the provisions of C. P. A., § 471, alleging that said default was obtained against him surreptitiously and unfairly, and that the default was caused by accident and mistake.

There is no evidence to support the first allegation, and the accident and mistake relied upon consisted in the failure of his counsel to remember the provisions of the statute relating to assignment days in the Superior Court for cases from District Courts, in consequence of which he not only neglected to be present or represented on the proper assignment day when the case was duly assigned for trial, but also to ascertain that

the case had been so assigned, although he did attend the court on subsequent assignment days.   The mistake relied upon is not a mistake of fact, and mistakes of law can not be corrected in this manner.   As this court said in *Bassett* v. *Loewenstein and Hahn,* 23 R. I. 24: "In *Howard* v. *Capron,* 3 R. I. 182, it was decided that a mistake of law was not of the character which entitles a party to a new trial under the statute.   Obviously this must be so, since otherwise almost any wrong advice or mistake by counsel would entitle his party to a new trial."

The petition is therefore denied and dismissed.

*Mendell W. Crane,* for plaintiff.

*Amasa M. Eaton and Henry Marsh, Jr.,* for defendant.